Booth, J.,
delivered the opinion of the court:
Claimant’s regiment was, by general order, removed from Plattsburg Barracks, N. Y., to San Francisco, Cal. Claimant was, by proper military authority, relieved from the operation of the general order removing his regiment and allowed to remain at Plattsburg because of illness. Subsequently he was, by Special Orders, No. 67, set out in the findings, directed to proceed to San Francisco and join his regiment. The claim is for mileage allowance under the act of March 2,1901 (31 Stat. L., p. 901), which is as follows: ,
“ For mileage to officers and contract surgeons, when authorized by law, five hundred thousand dollars :
“Provided, That hereafter officers so traveling shall be paid seven cents per mile and no more; distances to be computed and mileage to be paid over the shortest usually traveled routes, with deduction as hereinafter provided.”
An officer traveling without troops and under orders is entitled to an allowance per mile at the rate fixed by the foregoing statute. (Army Regulations, 1904, paragraph 1307.) We have no authority to arrest the operation of the *213 statute and exclude from its privileges and benefits one who brings himself within its terms, because, under the particular circumstances surrounding the transaction, it seems inequitable. True,' the order directing the travel performed by Chaplain Sutherland recited that transportation in kind would be furnished by the Quartermaster’s Department by route of the regiment, thus evidencing an intention to preclude claim for mileage allowances. But the rule is well settled that authority to issue orders which have the force of law is subject to the condition that they conflict with no act of Congress. (United States v. Symonds, 120 U. S., 46; United States v. Strong, 125 id., 656; United States v. Barnette, 165 id., 174.)
The claimant was entitled to receive transportation from the Quartermaster’s Department, and have the amount of same deducted from the officer’s mileage account by the following proviso to the act of March 2, 1901:
“Provided further, That officers who so desire may, upon application to the Quartermaster’s Department, be furnished with transportation requests, exclusive of sleeping and parlor car accommodations, for the entire journey under their orders; and the transportation so furnished shall be a charge against the officer’s mileage account, to be deducted at the rate of three cents per mile by the paymaster paying the account, and of the amount so deducted there shall be turned over to an authorized officer of the Quartermaster’s Department three cents per mile for transportation furnished over any railroad which is not a free, bond-aided, or fifty per centum land-grant railroad for the credit of the appropriation for transportation of the Army and its supplies.”
We are therefore of the opinion that th.e claimant is entitled to recover the difference between the transportation furnished in accordance with the proviso and the amount-allowed to an officer for mileage, which, in this case, deducting allowance for sleeping-car accommodations, amounts to $128.96, for which amount judgment is awarded the claimant.